IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KYLE MOON,**                    )
                                  )
                 **Plaintiff,**   )
                                  )
         **v.**                   )
                                  )  **Case No.  04-537-MJR**
**LEANNE PATE,**                  )
                                  )
                 **Defendant.**   )

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is defendant's Motion to Dismiss.  **(Doc. 15)**.  Plaintiff has filed a response.  **(Doc. 24)**.  Because plaintiff failed to exhaust administrative remedies prior to filing suit, the motion must be granted.

## Nature of Plaintiff's Claim

Plaintiff, a former prisoner in the custody of the Illinois Department of Corrections, brings this suit under **42 U.S.C. §1983**.  He alleges that LeAnne Pate, a librarian at Shawnee Correctional Center, violated his right of access to the court by denying him access to the law library and refusing him library services in May, 2004.  Also, in June, 2004, she refused to make copies of materials related to an appeal for him.  As a result, he claims that he missed the deadline to file a motion to withdraw his guilty plea in state court.

-1-

## The Exhaustion Requirement

Defendant argues that the complaint establishes that plaintiff failed to exhaust his administrative remedies before filing suit.

Plaintiffs' claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Perez v. Wisconsin Department of Corrections*, **182 F.3d 532 (7th Cir.1999)** explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy.  Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case. *See* **42 U.S.C. § 1997e(a); and** *Perez*, **182 F.3d at 535-536.**   The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, **534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002)**.

The fact that plaintiff is no longer a prisoner is irrelevant.  For purposes of the exhaustion requirement, the Court must look to plaintiff's status at the time suit was filed.  As he was a prisoner at Shawnee Correctional Center at the time suit was filed, Section 1997(e)(a) applies.

***Dixon v. Page***, 291 F.3d 485, 488-489 (7th Cir. 2002); ***Witzke v. Femal***, 376 F.3d 744 (7th Cir. 2004).

The Seventh Circuit has recently reiterated that exhaustion must occur ***before*** suit is filed. ***Ford v. Johnson***, 362 F.3d 395, 398 (7th Cir. 2004).  Exhaustion requires that a prisoner "properly take each step within the administrative process."  ***Pozo v. McCaughtry***, 286 F.3d 1022, 1024 (7th Cir. 2002).

 The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800 *et seq.*** Pursuant to **20 ILADC §804.830(d)**, the grievance officer is to consider the grievance and make a written report to the warden.  The warden then provides written notification of his decision to the inmate "within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances."  The inmate has 30 days in which to appeal the warden's decision to the director of the IDOC.  **20 ILADC §804.850.**

Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal.  ***Pozo,*** **286 F.3d at 1024.**

<u>Analysis</u>

On page 3 of his complaint, plaintiff states that he filed two grievances.  Copies of the grievances are attached to **Doc. 1**.  They were dated May 14, 2004, and May 25, 2004.  In his complaint, Plaintiff states that he filed two grievances, "one with the counselor, the other with the grievance officer."  He further states that he received a reply from the counselor, but that the grievance officer did not reply.

Plaintiff's response to the motion to dismiss, **Doc. 24**, does not address the exhaustion

issue at all.

Plaintiff's complaint was postmarked on July 3, 2004, and received by the Court on July 6, 2004.  For purposes of the application of **42 U.S.C. § 1997e(a)**, suit was brought as of the date on which plaintiff mailed his lawsuit.  ***Ford v. Johnson***, **362 F.3d 395, 398-400 (7th Cir. 2004)**. At the time the complaint was mailed, the two month period for responding to the grievance had not yet expired.  It is clear that plaintiff did not exhaust his administrative remedies before filing suit.  His suit must be dismissed without prejudice.  ***Ford***, **362 F.3d at 401.**

### Recommendation

For the foregoing reasons, it is this Court's recommendation that defendant's Motion to Dismiss **(Doc. 15)** be **GRANTED** and that the complaint be dismissed without prejudice.

Objections to this Report and Recommendation must be filed on or before **May 4, 2006.**

Submitted:  **April 17, 2006.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**